UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JEREMY S. JONES (#365876)** | **CIVIL ACTION** |
| **VERSUS** | |
| **ANNE MARIE LEBLANC EASLEY** | **19-841-JWD-RLB** |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on September 21, 2020.

                                                    **RICHARD L. BOURGEOIS, JR.**
                                                  **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEREMY S. JONES (#365876)					CIVIL ACTION

VERSUS

										19-841-JWD-RLB

ANNE MARIE LEBLANC EASLEY

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss filed on behalf of defendant Anne Easley (R. Doc. 13). The motion is opposed. *See* R. Doc. 14.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Anne Easley alleging that is constitutional rights were violated due to retaliation. The plaintiff seeks monetary and injunctive relief.

Defendant Easley moves to dismiss, presumably pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, for failure to perfect service timely. The instant motion seeks dismissal of the plaintiff's claims, contending that because service of process was not effected within 90 days of the filing of the Complaint as mandated by Rule 4(m) of the Federal Rules of Civil Procedure, the plaintiff's claims should be dismissed.

On January 13, 2020, the plaintiff filed an Amended Complaint against defendant Easley. Inasmuch as the plaintiff was proceeding *pro se* in this case, the Court, pursuant to an Order dated March 18, 2020 (R. Doc. 9), directed the United States Marshal's Office to serve the defendant Easley, wherever found. On April 20, 2020, service was made upon defendant Easley. *See* R. Doc. 15. However, due to no fault of the plaintiff, the return was not docketed until

August 15, 2020. On the same date the return was docketed, an answer was filed on behalf of defendant Easley. *See* R. Doc. 17.

Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court ... must dismiss the action without prejudice against that defendant or order that service be made within a specified time." This Rule further provides, however, that "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

A determination regarding whether a plaintiff has made a sufficient showing of good cause "is necessarily fact-sensitive" and depends upon the particular circumstances of the case. *Lindsey v. United States Railroad Retirement Board,* 101 F.3d 444, 446 (5th Cir. 1996). At a minimum, in order to show good cause, "the plaintiff must demonstrate at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Id., quoting Peters v. United States,* 9 F.3d 344, 345 (5th Cir. 1993). A district court retains the discretion to extend the time for service even in the absence of good cause. *See Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir. 1996). Further, it may be an abuse of discretion for the Court to dismiss a defendant, even in the absence of good cause, where the effect of such dismissal would be a dismissal with prejudice because of the running of the applicable limitations period. *See Millan v. USAA General Indemnity Company,* 546 F.3d 321, 325–26 (5th Cir. 2008).

In the instant case, good cause exists for the plaintiff's failure to timely effect service. As a *pro se* litigant, the plaintiff could not effect service on the defendant until the Court issued an order appointing the United States Marshal's Office for service. The record does not contain any evidence of dilatoriness or fault on the part of the plaintiff, nor does the defendant assert that the

same has occurred. As such, good cause exists for the untimely service in this matter and the defendant's Motion to Dismiss (R. Doc. 13) should be denied.

## RECOMMENDATION

It is recommended that the Motion to Dismiss (R. Doc. 13) be denied, that the time for service be extended so that service is deemed timely, and that this matter be referred back to the Magistrate Judge for further proceedings.

Signed in Baton Rouge, Louisiana, on September 21, 2020.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**